IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICKEY LEVERT FRANKLIN,
County Jail Inmate #021113  PLAINTIFF

VERSUS  CIVIL ACTION NO. 3:11-cv-770-DPJ-FKB

JAMIE K. McBRIDE  DEFENDANT

ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff, an inmate, filed this Complaint [1] pursuant to 42 U.S.C. § 1983. The named Defendant is Jamie K. McBride, Assistant District Attorney for Hinds County, Mississippi. Upon review of the record, the Court has reached the following conclusions.

**I. Background**

Plaintiff complains that Defendant McBride made slanderous statements against him "making any and[/]or all potential jurors biased to the degree of not receiving a fair and impartial judgment." Compl. [1] at 5. Plaintiff goes on to state that "[t]he repetition of media coverage has all but . . . ma[de] 'innocent until proven guilty' a mere catch phrase." *Id*. Because Plaintiff failed to provide sufficient allegations for this Court to evaluate his Complaint [1], an Order [13] was entered on January 23, 2012, directing Plaintiff to provide additional information concerning his claims. In his Response [14], Plaintiff states that Defendant McBride slandered him on or about September 15-16, 2010. Later, on January 13, 2012, Plaintiff was convicted of kidnaping and two counts of aggravated assault. Resp. [14]. Plaintiff further indicates that his convictions have not been overturned and he was scheduled to be sentenced on February 21, 2012. *Id*. As relief, Plaintiff seeks monetary damages and the dismissal of charges against him. Compl. [1] p. 5.

**II. Analysis**

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status by an Order [12] entered on January 23, 2012, § 1915(e)(2) applies to this case.

To the extent Franklin asserts a § 1983 claim for slander, slander is not a federally protected right. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (stating that even though a State may recognize that an injury to one's reputation may violate State tort law, such an injury does not implicate a "liberty" or "property" interest which is protected by the Due Process Clause). Thus, slander is not cognizable under § 1983. *Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980) (noting that slander and libel are not rights secured by the Constitution or laws of the United States). Therefore, Plaintiff's claim of slander pursuant to 42 U.S.C. § 1983 will be dismissed and this Court, in exercising its discretion, has determined that it will not invoke supplemental jurisdiction of any state-law tort claim that Plaintiff may have under the allegations of the instant civil action. *See* 28 U.S.C. § 1367(c) (providing that the Court has the discretion to decline to exercise supplemental jurisdiction over a claim when it has "dismissed all claims over which it has original jurisdiction").

Franklin also asserts that the prosecutor's conduct tainted the jury and as such he should be released from prison. But § 1983 is not the proper avenue to pursue early release from prison based on alleged constitutional infirmaries at trial. Such claims must be presented through habeas corpus. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). Franklin must therefore present the matter in a habeas petition, but before doing so he must exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). There are no claims by Plaintiff that he has exhausted his state-court remedies since being convicted on January 13, 2012. As such, Plaintiff has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, based on the record before the Court, Plaintiff's request for release from custody will not be construed as a petition for habeas corpus relief.[1]

Finally, to the extent Franklin seeks monetary damages, his claims are precluded by the United States Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges a plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Supreme Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination,

---

[1] The Court does not reach a determination of the viability of any possible habeas claims. The Plaintiff may contact the Clerk's Office, P.O. Box 23552, Jackson, Mississippi 39225 and request a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254 be mailed to him.

> or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

In this case, a ruling that Defendant McBride violated Franklin's Sixth Amendment right to an impartial jury would necessarily imply the invalidity of his convictions and incarceration. Additionally, as provided in his Response [14], Franklin fails to demonstrate that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id* at 487. Thus, his claims for monetary damages are barred by *Heck v. Humphrey* at this time and will be dismissed.

### III. Conclusion

As discussed above, Franklin's claim of slander is not cognizable under 42 U.S.C. § 1983 and this Court will not invoke supplemental jurisdiction. To the extent he seeks release from custody, his claims are not properly pursued in a § 1983 action. Thus, any habeas corpus claims Franklin may be asserting in this complaint are dismissed without prejudice. Finally, Plaintiff's request for monetary damages based on the claims relating to his arrest and subsequent conviction are dismissed with prejudice because they lack an arguable basis in law and are frivolous until the *Heck* conditions are met. *See Johnson v. McElveen*, 1010 F. 3d 423, 424 (5th Cir. 1996) (holding claims barred by *Heck* are properly dismissed with prejudice as frivolous "until the *Heck* conditions are met").

Since this case will be dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), it will be counted as a "strike." If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and he will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Order will be entered.

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2012.

                                              s/ *Daniel P. Jordan III*
                                              UNITED STATES DISTRICT JUDGE